UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RHETT R. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ANN McGEEHAN, Elections Division, | § | SA-10-MC-0801 FB |
| Texas Secretary of State; | § | |
| CHARLES GONZALEZ, | § | |
| U.S. Congressional Representative, | § | |
| Texas 20th District, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

**TO:**  Honorable Fred Biery
       Chief United States District Judge

This report and recommendation addresses plaintiff Rhett Smith's motion to proceed in forma[1] pauperis and his motion for temporary restraining order (TRO).[2] The latter document is properly considered a motion for leave to file an application because Smith is the subject of a pre-filing injunction. Smith is a frequent litigator in this district. He has a long history of filing frivolous lawsuits, suing numerous persons encountered during his efforts to run for political office. That history is documented in my report and recommendation in Cause No. SA-09-CV-281-FB.[3] On June 30, 2009, the district court modified a pre-filing injunction entered by Judge Garcia and enjoined Smith from "pursuing in any court, claims regarding his efforts as a

---

[1] Docket entry #s 1 & 2.

[2] Docket entry # 3.

[3] Cause No. SA-09-CV-281-FB, docket entry # 6.

candidate for elected position . . . without obtaining permission from a district judge in the San Antonio Division of the Western District of Texas."[4]

This case clearly falls within the scope of the injunction.  Smith's proposed complaint states that Smith sought to run for election as congressman for the 20th congressional district. U.S. Congressman Charles Gonzalez currently holds that position.  As defendants, Smith named Congressman Gonzalez, Texas's Secretary of State, and Texas's Director of Elections—Ann McGeehan.  Smith alleges the defendants limited his access to the November 2010 general election.  Smith attached various papers to his proposed complaint indicating that he declared himself a write-in candidate for 20th congressional district and that McGeehan notified him that his name would not be placed on the November 2010 ballot because Smith's petition lacked the required number of signatures.  As relief, Smith seeks "Changes Within The Office of Elections Division And By Securing For Voters And Petitioners Their 'Voice' I.E. Their Right To Choose (Vote For) A 'Write-In Candidate In Texas' 20th Congressional District During The Upcoming November 2010 General Election."[5]  The named defendants and the relief sought shows Smith seeks to pursue a claim regarding his efforts as a candidate for elected position because the proposed complaint states that Smith seeks election to the 20th congressional district.

Smith's proposed application for TRO also shows that Smith seeks to pursue a claim regarding his efforts as a candidate for elected position.  As relief, the application asks "that the Texas Secretary of State allow for and permit the votes to be counted for [Smith's] 'write-in'

---

[4]Cause No. SA-09-CV-281-FB, docket entry # 11.

[5]Proposed complaint, p. 2.

candidacy during the early voting and for the General Election of Tuesday, November 2, 2010."[6] Smith neither sought or received permission from a district judge in this district to file this new lawsuit and present his claims. Because Smith does not have permission from a district judge in this district to file a claim regarding his efforts as a candidate for elected position, Smith's motion to proceed in forma pauperis and his motion for leave to file an application for temporary restraining order should be denied.

**Recommendation**. I recommend denying Smith's motion to proceed in forma pauperis (docket entry #s 1 & 2) and his motion for leave to file an application for temporary restraining order (docket entry # 3), because Smith does not have permission from a district judge in this district to file a claim regarding his efforts as a candidate for elected position. I also recommend dismissing this case for the same reason.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[7] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for

---

[6]Docket entry # 3.

[7]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[8]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[9]

**SIGNED** on October 15, 2010.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[9]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).